IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

LARRY D. COOK,

        Plaintiff,

v.                                            Civil Action No. 3:05-CV-37

JO ANNE B. BARNHART,
COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

## **MEMORANDUM, OPINION and REPORT AND RECOMMENDATION THAT MOTION TO PROCEED *IN FORMA PAUPERIS* BE DENIED**

### I. Facts

Plaintiff, Larry D. Cook, (Claimant), filed his Complaint on April 27, 2005, seeking Judicial review pursuant to 42 U.S.C. § 405(g) of an adverse decision by Defendant, Commissioner of Social Security, (Commissioner).[1] On the same date, Claimant filed a Petition to proceed *in forma pauperis* along with a Financial Affidavit.[2] Claimant states that he has been unemployed but does not state when was the date of his last employment. Claimant states that he owns two acres with a house, a 1989 Ford Ranger, and a 1994 Ford Ranger. Also, Claimant receives $300 per month from his sister.

### II. Standards

1.      <u>Social Security - IFP - Statute</u>. "Any court of the United States may authorize the

---

[1] Docket No. 1.

[2] Docket No. 2.

commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by any person who submits an affidavit that includes a statement of all assets such person possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

    2.    <u>Social Security - IFP - Duty of Court</u>. If IFP is granted, the officers of the court shall issue and serve all process. 28 U.S.C. § 1915(d).

    3.    <u>Social Security - IFP - Sufficiency of Affidavit</u>. An affidavit is sufficient where it states that because of his poverty, the affiant cannot meet court costs and "still be able to 'provide himself and his dependents with the necessities of life.'" <u>Rowland v. California Men's Colony</u>, 506 U.S. 194, 203 (1993) (quoting <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 339 (1948)). However, the affiant need not show that he is "absolutely destitute" to qualify for IFP status. <u>Adkins</u>, 335 U.S. at 340. In addition, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." <u>United States v. McQuade</u>, 647 F.2d 938, 940 (9th Cir. 1981). Lastly, the district court has the discretion to make a factual inquiry into the affiant's financial status and to deny a request to proceed IFP when the party is "unable, or unwilling, to verify his poverty." <u>Id</u>.

### III. Discussion

The Claimant's Petition to proceed *in forma pauperis* was on a form provided by the Clerk of the Northern District of West Virginia. The form was completely and properly filed out and permitted the undersigned to analyze the Claimant's current financial condition. Claimant owns two acres with a house, a 1989 Ford Ranger, and a 1994 Ford Ranger. Also, Claimant receives $300 per

month from his sister. Accordingly, the undersigned finds the Claimant has not sufficiently demonstrated that he is financially unable to pay the filing fee in his Social Security appeal.

## IV. Decision

Therefore, I recommend that Claimant's application to proceed *in forma pauperis* be DENIED.

Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

Filing of objections does not stay this Order.

The Clerk of Court is directed to notify the United States Marshals Service who shall serve process pursuant to Fed. R. Civ. P. 4 (c) (2).

The Clerk of the Court is directed to mail a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

DATED: May 4, 2005

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE