IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

LARRY D. COOK,

      Plaintiff,

v.                                         CIVIL ACTION NO. 3:05CV37
                                            (BROADWATER)

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

      Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day the above styled case came before the Court for consideration of the Report and Recommendation of Magistrate Judge James E. Seibert (Document 11), dated April 25, 2006 and the plaintiff's objections thereto filed on May 5, 2006. In accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the matter. The Court, after reviewing the above, is of the opinion that the Magistrate Judge's Report and Recommendation (**Document 11**) should be and is hereby **ORDERED** adopted.

The Plaintiff first objects to the Magistrate Judge's findings on pages 21 to 24 that the ALJ properly evaluated the treating physician's opinion which the Plaintiff argues was not entitled to great weight.

A claimant's treating physician is entitled to great weight and may only be disregarded if there is persuasive contradictory evidence. Evans v. Heckler, 734 F.2d 1012, 1015 (4th Cir. 1984). Controlling weight may be given only in appropriate circumstances to medical opinions when the opinion is 1) well-supported by medically acceptable clinical and laboratory diagnostic techniques,

and 2) not inconsistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Courts often grant "greater weight to the testimony of a treating physician" because the treating physician has necessarily examined the claimant and has a treatment relationship with the claimant. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001).

The Court now finds that the ALJ undertook the necessary analysis required by SSR 96-5p tp "evaluate all the evidence in the case record to determine the extent to which the opinion is supported in the record." In the case at hand, the ALJ determined that Dr. Sabio's conclusions that Mr. Cook was disabled "from full work activity is refuted by his own findings on physical examination." (Tr. 28). The Court's task is not to conduct factfinding of its own, but to determine whether the ALJ's factfinding is supported by substantial evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is defined as such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Substantial evidence consists of more than a mere scintilla of evidence by may be somewhat less than a preponderance. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). In the case at hand, although Dr. Sabio's conclusion that the claimant was disabled from full work activity may not have been contradicted by the opinions of *other* doctors, it is in fact contradicted by his own findings upon physical exam of the claimant. The Court thus adopts the Magistrate Judge's findings as set forth in the Report that the ALJ's decision not to give great weight to Dr. Sabio's conclusion is supported by substantial evidence.

Plaintiff's second objection is to the Magistrate Judge's finding on pages 24-25 of the Report that the ALJ properly evaluated and weighed the psychological report of Mr. Morello, who was a consultative psychologist hired by the Plaintiff. Specifically, Plaintiff argues that because the ALJ referred to Mr. Morello as "the hired consultative psychologist", the ALJ considered improper factors

instead of considering the report solely under the factors set forth in 20 C.F.R. § 404.1527(d). This Court agrees with and adopts the Magistrate Judge's findings that there was little support in the record for the limitations found by Mr. Morello. In addition, the Court finds that the ALJ's reference to Mr. Morello as "the hired consultative psychologist" does not support Plaintiff's argument that the ALJ failed to consider the proper factors.

Finally, the Plaintiff objects to the Magistrate Judge's findings that the ALJ properly considered obesity as required by Social Security Rule 02-01p. The Court now upholds the Magistrate Judge's findings. Indeed, SSR 02-01p requires that the ALJ must "do an individualized assessment of the impact of obesity on an individual's functioning." However, obesity is not a separately listed impairment. Instead, a claimant meets the requirements if "there is an impairment that, in combination with obesity, meets the requirements of the listing" Id. As the claimant failed to present such argument, the Court adopts the Magistrate Judge's findings in this area.

The Court, therefore, **ORDERS** that

1) defendant's motions for summary judgment **(Document 10)** is **GRANTED**;
2) plaintiff's motion for summary judgment **(Document 9)** is **DENIED**; and
3) this action shall be **DISMISSED WITH PREJUDICE** based on the reasons set forth in the Magistrate Judge's Report and Recommendation, and **STRICKEN** from the active docket of this Court.

It is so ORDERED.

The Clerk is directed to transmit true copies of this Order to all counsel of record herein.

**DATED** this 21st day of September 2006.

*W. Craig Broadwater*
W. CRAIG BROADWATER
UNITED STATES DISTRICT JUDGE